# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1903

R. Edward Bates, Petitioner,

v.

Anthony J. Principi,
Secretary of Veterans Affairs, Respondent.

Before FARLEY, IVERS, and STEINBERG, *Judges.*

# O R D E R

On July 28, 2003, the petitioner was informed by a letter from the Department of Veterans Affairs (VA or the Department) General Counsel (GC) that the Secretary had cancelled his accreditation to represent claimants before VA. On August 6, 2003, the petitioner, through counsel, filed with a VA regional office (RO) a Notice of Disagreement (NOD) as to the Secretary's decision. On October 20, 2003, the petitioner, through counsel, filed in this Court a petition for extraordinary relief in the nature of a writ of mandamus. The petitioner requests that this Court order the Secretary to provide a Statement of the Case (SOC) in connection with his NOD. On October 28, 2003, the petitioner filed a supplemental verified petition confirming that the Secretary refused to issue an SOC in this matter.

On October 31, 2003, the Court ordered the Secretary to file an answer to the petition. On December 1, 2003, the Secretary filed his answer arguing that the Court's authority under the All Writs Act (AWA), 28 U.S.C. § 1651(a), does not extend to the matter raised in this petition because such matter could never result in a decision by the Board of Veterans' Appeals (Board or BVA). Accordingly, the Secretary urges the Court to dismiss the petition for lack of jurisdiction. Based on the following analysis, the Court has concluded that the issue of the petitioner's challenge to the termination of his accreditation is not justiciable by the Board, and thus the Court will dismiss the petition for lack of jurisdiction.

Pursuant to the AWA, "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court has held that "the exercise of this [AWA] power . . . extends to the potential jurisdiction of the appellate court where an appeal is not then pending but may be later perfected." *FTC v. Dean Foods Co.*, 384 U.S. 597, 603 (1966) (citing *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 25 (1943)). The Act, however, empowers a court to act only "in aid of [its] . . . jurisdiction[]", 28 U.S.C. § 1651(a). It cannot be used to expand the statutory jurisdiction of a court. *See Cox v. West*, 149 F. 3d 1360, 1363 (Fed. Cir. 1998) [hereinafter *Cox*] (expressly affirming AWA holdings of *In re Fee Agreement of Cox*,

10 Vet.App. 361, 371 (1997) [hereinafter *In re Cox*], and stating that "[i]t is well established that the AWA does not expand a court's jurisdiction"); *see also* 19 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 204.02[4] (3d ed. 1997). The AWA does not expand a court's general jurisdiction, but rather is to be used only for the limited purpose of protecting its potential jurisdiction. *See Roche,* 319 U.S. at 26; *Cox, supra.*

This Court "shall have such assistance in the carrying out of its lawful writ . . . as is available to a court of the United States." 38 U.S.C. § 7265(b). It may issue writs in aid of its jurisdiction under the AWA. *See Cox*, 149 F. 3d at 1364; *In re Cox*, 10 Vet.App. at 367-69. This Court's jurisdiction under chapter 72 of title 38, U.S. Code, is limited to reviewing final decisions of the Board, *see* 38 U.S.C. § 7252(a); therefore, if the Court's granting of the instant petition could lead to a BVA decision over which the Court would have jurisdiction, the Court would possess jurisdiction to issue a writ of mandamus. *See In re Cox*, 10 Vet.App. at 370; *see also In re Fee Agreement of Wick*, 40 F.3d 367, 373 (Fed. Cir. 1994) (holding that the U.S. Court of Appeals for Veterans Claims has jurisdiction under AWA where it would otherwise "be prevented or frustrated from exercising its statutorily granted jurisdiction over a Board decision but "is not vested with original jurisdiction"). Thus, where VA fails or refuses to adjudicate a claim presented, the Court has the authority to direct the Secretary to act on that claim. *See Cox* and *In re Cox*, both *supra*; *see also* 38 U.S.C. § 7261(a)(2) ("[T]he Court of [Appeals for Veterans Claims], to the extent necessary to its decision and when presented, shall . . . compel action of the Secretary unlawfully withheld or unreasonably delayed."). However, if the matter is one that could never come before the Board, and eventually to this Court, then we are without jurisdiction to entertain a writ. Consequently, in the instant case, unless the Court's granting of the petition – ordering the Secretary to provide an SOC on the question whether the petitioner should continue to be accredited to represent claimants before the BVA – could lead to a Board decision on that question, this Court is without jurisdiction to issue the writ.

The Secretary is responsible for the recognition of representatives of organizations, individual agents, and attorneys "in the preparation, presentation, and prosecution of claims under laws administered by the Secretary." 38 U.S.C. § 5902(a); *see* 38 U.S.C. §§ 5903, 5904; 38 C.F.R. § 14.629 (2003) (providing requirements for accreditation of representatives, agents, and attorneys). Furthermore, it is within the Secretary's authority to "suspend or exclude from further practice before the Department any agent or attorney [who, inter alia,] (1) has engaged in any unlawful, unprofessional, or dishonest practice; . . . or (5) has in any manner deceived, misled, or threatened any actual or prospective claimant." 38 U.S.C. § 5904(b)(1), (5).

The Secretary has broad authority under 38 U.S.C. § 5904(a) and (b) to regulate representational activities by attorneys in connection with recognizing them for claims representation before the Department and suspending them from such practice for engaging in certain specified conduct (including violation of any laws administered by VA). This authority clearly permits VA to require an agent or attorney to satisfy certain basic statutory qualifications (e.g., good moral character, training, and competence) and further permits the Secretary to require an agent or attorney to agree to follow the law governing representation, including suspension and termination of

accreditation. 38 U.S.C. § 5904(a), (b). The Secretary has promulgated regulations governing the termination of accreditation of agents and attorneys; these regulations include the right to notice and a hearing. 38 C.F.R. § 14.633 (2003). The record in such matters is forwarded to the VAGC for a decision, and those decisions are final. 38 C.F.R. § 14.633(f), (g).

The petitioner offers no convincing suggestion as to how this Court could have authority to review his petition. Relying on *Cox, supra*, he argues that this Court has jurisdiction to hear his petition because the Secretary's decision to cancel his accreditation is based upon 38 U.S.C. § 5904(b), "a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." Petition at 11-14 (quoting 38 U.S.C. § 511(a)); *see Cox*, 149 F.3d at 1365.

The petitioner's argument is unavailing. He essentially argues that the operative sections for Board review over this matter are 38 U.S.C. § 7104 in conjunction with 38 U.S.C. § 511(a). Pursuant to 38 U.S.C. § 7104(a), the Board has jurisdiction over matters arising under 38 U.S.C. § 511(a). Specifically, section 7104(a) provides: "All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board." In turn, section 511(a) provides: "The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or to dependents or survivors of veterans." 38 U.S.C. § 511(a). Section 7104 thus confers jurisdiction on the Board over questions arising under section 511(a), and a claimant may in turn appeal an adverse Board ruling to this Court under 38 U.S.C. § 7252(a). *See Cox*, 149 F.3d at 1364; *In re Cox*, 10 Vet.App. at 372-73. This Court in *In re Cox* held that "section 5904(d) is a statute 'affect[ing] the provisions of benefits' by VA as referred to in section 511(a)." *In re Cox*, 10 Vet.App. at 372; *see Cox*, 149 F.3d at 1365 (agreeing with this Court's determination).

The circumstances in *In re Cox* are distinguishable from those now before us. *In re Cox* involved the interpretation of 38 U.S.C. § 5904(d), which gives the Secretary the authority to withhold a portion of past-due benefits otherwise due to a VA claimant and to pay those withheld benefits to an attorney, pursuant to an otherwise valid fee agreement. *In re Cox*, 10 Vet.App. at 372; *see Cox*, 149 F.3d at 1365. In *In re Cox*, this Court explained:

> Had the Secretary, for instance, withheld *more* than was called for under the provision of an otherwise valid fee agreement and delivered that amount to an attorney, the 'provision of benefits' to the veteran would plainly be 'affect[ed]', and the veteran would have recourse before [a VARO], the BVA, and this Court (as long as all of the other jurisdictional requirements were met).

*In re Cox*, 10 Vet.App. at 372. Section 5904(d) is clearly a law that affects the provision of benefits by the Secretary. Section 5904(b), on the other hand, is a law that pertains to a decision to terminate the accreditation of an attorney based on certain attorney action, including the alleged violation of section 5904(c)(1) relating to charging and receiving fees from veterans and section 5905(1) relating to soliciting and contracting for illegal fees. Section 5904(b) says nothing about VA benefits. For

3

example, it does not give the Secretary authority to alter the amount of benefits that VA claimants are to receive. Whether an attorney's accreditation is terminated does not affect the provision of VA benefits because VA benefits may be awarded regardless of whether a claimant is represented by an attorney. Moreover, as noted by this Court, "[s]ection 511(a) bases the Secretary's jurisdiction not upon an *actual* effect upon a *particular* claimant's benefits but upon whether the law to be interpreted is one that '*affects* the provision of [VA] benefits'." *In re Cox*, 10 Vet.App. at 373 (quoting 38 U.S.C. § 511(a) and adding emphasis). Other than citing to *Cox*, *supra*, the petitioner fails to explain how section 5904(b) affects the provision of VA benefits.

The provisions of section 5904 also do not provide the Board with jurisdiction to review the petitioner's claim. Pursuant to 38 U.S.C. § 5904, the Board has limited jurisdiction to review the reasonableness of a fee and to reduce the fee. 38 U.S.C. § 5904(c)(2). Our jurisdiction under the provisions of 38 U.S.C. § 5904 is strictly limited to review of BVA decisions regarding fee agreements. There is no concomitant statutory or regulatory basis for the Board or this Court to review an attorney's accreditation or termination of accreditation. Rather, by regulation, the Secretary has delegated to the VAGC the authority to terminate an accreditation. 38 C.F.R. § 14.633(g). Nowhere is the BVA included in this scheme. Moreover, no imaginative reading of 38 U.S.C. § 5904 could transmute the petitioner's dispute with VA concerning the termination of his attorney accreditation into a dispute concerning a specific fee agreement over which this Court might eventually exercise jurisdiction.

In view of the foregoing analysis, the Court concludes that, under the circumstances of this case, the petitioner has not shown that the decision by the VAGC to terminate the petitioner's accreditation under section 5904(b) is a decision under a law that "affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). Accordingly, it is not a matter subject to review by the Board, pursuant to 38 U.S.C. § 7104(a), and is thus not a matter over which this Court could potentially obtain jurisdiction under section 7252(a).

On consideration of the foregoing, it is

ORDERED that the petition for extraordinary relief in the nature of a writ of mandamus is DISMISSED for lack of jurisdiction.

DATED:   February 19, 2004                        PER CURIAM.