22-1590-cv
*Conyers v. United States Department of Veterans Affairs*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-three.

PRESENT:
>    GUIDO CALABRESI,
>    EUNICE C. LEE,
>    MYRNA PÉREZ,
>        *Circuit Judges.*
_____

Vincent Curtis Conyers,

>        *Plaintiff-Appellant,*

>    v.                                                                22-1590

United States Department of Veterans Affairs,

>        *Defendant-Appellee.*
_____

**FOR PLAINTIFF-APPELLANT:**                    Vincent Curtis Conyers, *pro se*, Uniondale, NY.

**FOR DEFENDANTS-APPELLEES:**                    Varuni Nelson, Paulina A. Stamatelos, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Roslynn Mauskopf, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Vincent Curtis Conyers, proceeding *pro se*, sued the United States Department of Veterans Affairs ("VA") for violations of the Privacy Act, 5 U.S.C § 552a. The dispute arises out of the VA's denial of vocational rehabilitation benefits. Conyers claimed that the VA had failed to maintain accurate records and disseminated his confidential medical information without his authorization to the offices of elected officials he had asked for help during the benefits

2

application process, as well as to the American Legion. Across three decisions, the district court dismissed his claims for lack of subject matter jurisdiction and for failure to state a claim, reasoning in part that his claims on the maintenance of the records were improper collateral attacks of his eligibility determination. The court twice granted leave to amend so that Conyers could correct the identified deficiencies.[1] Conyers timely appealed. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

When considering the dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings (if any) for clear error and legal conclusions de novo. *Maloney v. Soc. Sec. Admin.*, 517 F.3d 70, 74 (2d Cir. 2008) (per curiam). We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the *pro se* complaint liberally, accepting all

[1] *See Conyers v. U.S. Dep't of Veterans Affs.*, No. 16-CV-00013, 2017 WL 722107 (E.D.N.Y. Jan. 10, 2017), *report and recommendation*, 2017 WL 728228 (E.D.N.Y. Feb. 22, 2017); *Conyers v. U.S. Dep't of Veterans Affs.*, No. 16-CV-00013, 2018 WL 1867106 (E.D.N.Y. Jan. 29, 2018), *report and recommendation adopted*, 2018 WL 1089736 (E.D.N.Y. Feb. 26, 2018); *Conyers v. United States Dep't of Veterans Affs.*, No. 16-CV-13, 2022 WL 1416039 (E.D.N.Y. Mar. 29, 2022).

3

factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (addressing liberal construction of *pro se* complaints). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Conyers's claims under 5 U.S.C. § 552a(e)(5), (6), (9), and (10) were properly dismissed. [2] Through the Privacy Act, the federal government waived its sovereign immunity for a limited purpose and consented to be sued for "actual

---

[2] Although the district court believed that the defect in these claims was jurisdictional, its analysis was premised on whether Conyers pleaded a valid claim. Because the essential outcome would be the same under either a jurisdictional or merits analysis, we need not determine, for the purposes of this appeal, whether the partial dismissal was appropriately labeled as jurisdictional. *Cf. Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 106 (2d Cir. 2022) (affirming when district court characterized a merits defect as a jurisdictional defect).

damages" of no less than $1,000 sustained by the individual as a result of the "intentional or willful" failure to comply with the Act. *F.A.A. v. Cooper*, 566 U.S. 284, 291 (2012) (citing 5 U.S.C. § 552a(g)(4)(A)).

Conyers failed to plead sufficient facts to establish "actual damages" or that the VA violated the Privacy Act intentionally or willfully. Conyers's conclusory statements that the VA acted willfully were insufficient to survive a motion to dismiss. The requirement that we assume all allegations in the complaint to be true does not reach "legal conclusions," like a culpable state of mind, that are pleaded as if they were facts. *Iqbal*, 556 U.S. at 678; *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 102 (2d Cir. 2022) (observing that we may disregard "legal conclusions couched as factual allegations").

Moreover, while Conyers's second amended complaint alleged that the violations of the Privacy Act caused him to forego entrepreneurial opportunities, prolonged his period of unemployment and financial insufficiency, and exacerbated his anxiety and stress, none of these alleged harms qualify as "actual damages." The Supreme Court has analogized the "actual damages" required by the Privacy Act to the "special damages" recognized by the common-law torts of

5

libel and slander, and interpreted the provision to require plaintiffs to show "proven pecuniary or economic harm." *Cooper*, 566 U.S. at 296–99. As a result, recovery for emotional distress is not authorized by the statute. *Id.* at 304. And although the other alleged harms are arguably pecuniary damages, Conyers has not sufficiently alleged that they flow directly from either the VA's dissemination of inaccurate and unauthorized information in violation of § 552a(e)(6) or its failure to promulgate rules and safeguards under § 552a(e)(9) and (10), as opposed to the underlying denial of benefits. *Cf. Celle v. Filipino Rep. Enterprises Inc.*, 209 F.3d 163, 179 (2d Cir. 2000) (observing, in the context of defamation claims under New York tort law, that "special damages consist of the loss of something having economic or pecuniary value which must flow directly from the injury to reputation caused by the defamation" (internal quotation marks omitted)).

To the extent Conyers alleges that the VA's failure to maintain accurate records in violation of § 552a(e)(5) caused these pecuniary harms related to his unemployment, we agree with the district court that this claim is an impermissible collateral attack on the eligibility determination. In *Sugrue v. Derwinski*, 26 F.3d 8 (2d Cir. 1994), we squarely held that the district court lacked subject matter

6

jurisdiction over a veteran's Privacy Act claims essentially challenging the denial of benefits, because 38 U.S.C. § 511(a) barred any court from reviewing the Secretary's determination of the eligibility of benefits. *Id.* at 11.

Conyers does not persuasively distinguish *Sugrue*. Instead, in his brief, Conyers relies on *Bates v. Nicholson*, 398 F.3d 1355 (Fed. Cir. 2005), and faults the district court and the VA for failing to address his arguments related to *Bates*. He argues that his Privacy Act claims are not impermissible collateral attacks of the eligibility determination because, in *Bates*, the Federal Circuit recognized that agency jurisdiction over an attorney's accreditation to represent veteran clients did not conflict with the jurisdiction of other tribunals to resolve "particular disputes" such as those related to contracts and employment. *Bates*, 398 F.3d at 1365. But this conclusion, which arose from the Federal Circuit's discussion of the mandamus authority of the United States Court of Appeals for Veterans Claims, has no bearing on whether Conyers's § 552a(e)(5) claim was a collateral attack on the denial of benefits. We agree with the district court that it was.

We have considered Conyers's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court