HAGEL, Judge,
dissenting:
I respectfully dissent from the majority’s opinion. The majority holds that the regional office’s failure to consider a specific assertion of clear and unmistakable error deprives the Board of jurisdiction to do so, despite the claimant’s waiver of *335 regional office review. I believe that the majority confuses the issue of jurisdiction with that of the procedural requirements for intra-agency claims processing and thereby forces a burdensome, unnecessary, and unwanted remand on both parties.[1] Ms. Jarrell and the Secretary both agree that Ms. Jarrell should be able to waive her right to “one review on appeal” in order to permit the Board to consider her clear-and-unmistakable-error argument. 38 U.S.C. § 7104. If both parties agree to waive an administrative procedure, how can this Court, sua sponte, force that procedural formality on them? The result of this decision is unnecessary delay in the resolution of Ms. Jarrell’s case. Further, considering the clear terms of sections 7261(a)(3)(C) and 7261(b), which require the Court to apply the rule of prejudicial error even when the Court sets aside a Board decision for lack of jurisdiction, any jurisdictional error committed by the Board was nonprejudicial in the instant case, given that the Board had subject matter jurisdiction and Ms. Jarrell is waiving her right to one review on appeal.
A. The Board’s Subject Matter Jurisdiction
The majority finds that this Court lacks jurisdiction over the matter on appeal because the Board lacked subject matter jurisdiction. I disagree. There is only one section in title 38 that defines the Board’s jurisdiction, 38 U.S.C. § 7104, and it is appropriately entitled “Jurisdiction of the Board.” The majority, however, fails to consider the breadth of authority given to both the Secretary and the Board under that statute. Section 7104(a) defines the Board’s jurisdiction expansively, by citing to 38 U.S.C. § 511(a), as extending to all questions “necessary to a decision by the Secretary under a law that affects the provision of [veterans] benefits.” The Board therefore has jurisdiction to review all claims that arise under a law that affects the provision of veterans benefits. Bates v. Nicholson, 398 F.3d 1355, 1359 (Fed.Cir.2005).
Section 7104(d) also provides the Board with jurisdiction to review a wide scope of matters by requiring that the Board con *336 sider “all material issues of fact and law presented on the record.” There are no qualifying terms requiring the Board to address only material issues or claims that have been previously considered by the regional office. The only significant statutory limitation on the Board’s broad jurisdiction is the claimant’s right to “one review on appeal” under section 7104(a). But the Federal Circuit has indicated that this limitation is eliminated when the claimant effectively waives additional review. Specifically, in Disabled American Veterans v. Secretary of Veterans Affairs the Federal Circuit held that section 7104(a) creates a procedural right that entitles the claimant “to appeal an adverse [agency-of-original-jurisdiction] decision to the Secretary of Veterans Affairs.” 327 F.3d at 1342. The Federal Circuit then acknowledged that the claimant may waive this right.[2] Id. at 1341-42.
The majority cites to cases from other jurisdictions that have held that an agency’s statutory or subject matter jurisdiction cannot be waived. See ante at 329; see also NLRB v. Fed. Sec., Inc., 154 F.3d 751, 754 (7th Cir.1998); Dunklebarger v. Merit Sys. Prot. Bd., 130 F.3d 1476, 1480 (Fed.Cir.1997); Plaquemines Port, Harbor & Terminal Dist. v. Fed. Mar. Comm’n, 838 F.2d 536, 542 n. 3 (D.C.Cir.1988). But those cases are distinguishable from the instant case because pursuant to section 7104 the Board clearly has statutory or subject matter jurisdiction to review the issue presented in this case — whether the regional office committed clear and unmistakable error in a 1956 decision.[3] That issue unquestionably arises under a law that affects the provision of veterans benefits, therefore, as set forth above, it lies within the scope of the Board’s statutory jurisdiction. Bates, 398 F.3d at 1359. I am not implying, by any means, that the parties could by their own agreement expand the Board’s jurisdiction to an area of law unrelated to the provision of veterans benefits. Rather, I would hold that the claimant may waive her procedural right to one review on appeal if the Board agrees to review a matter in the first instance.[4]
B. VA Processing of Requests for Revision Based on Clear and Unmistakable Error Is Not a Jurisdictional Issue.
The majority relies principally on the argument that the differences between the *337 claims-processing requirements set forth in 38 U.S.C. § 7111 and 38 U.S.C. § 5109A demonstrate that, pursuant to section 5109A, the Board lacks jurisdiction to review requests for revision in the first instance. The majority argues that 38 U.S.C. § 7111 explicitly provides that the Board shall review in the first instance requests for revision of Board decisions, whereas, section 5109A does not. The majority’s analysis, however, fails to address why section 7111 was enacted. As the Federal Circuit has stated, “[tjhat provision was a reaction to our decision in Smith [v. Brown, 35 F.3d 1516, 1526 (Fed.Cir.1994)], which held that the ‘clear and unmistakable error’ regulation applied only to regional office decisions and not to those of the Board.” Donovan v. West, 158 F.3d 1377, 1383 (Fed.Cir.1998). The Federal Circuit determined in Smith that to allow the regional office to review requests for revision of Board decisions “would, oddly, permit an inferior to collaterally review the actions of a superior, at least as an initial matter.” 35 F.3d at 1526. The statute was therefore enacted, not to limit the Board’s jurisdiction, but rather to prevent a lower tribunal from reviewing the decisions of a higher tribunal. In the instant case, the reverse scenario exists because the Board, the superi- or tribunal, is reviewing a collateral attack on a regional office decision. The majority’s central argument thus rests on a flimsy foundation.
Recent U.S. Supreme Court decisions also cast doubts on the majority’s effort to label the claims-processing requirements of section 5109A as jurisdictional.[5] Scarborough v. Principi, 541 U.S. 401, 414, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004). In Day v. McDonough, the Supreme Court held that “a statute of limitations defense is not ‘jurisdictional,’ hence courts are under no obligation to raise the time bar sua sponte.” 547 U.S. 198, -, 126 S.Ct. 1675, 164 L.Ed.2d 376, slip op. at 5 (2006). The Supreme Court further determined that statute of limitations “resemble! ] other threshold barriers — exhaustion of state remedies, procedural default, nonretroac-tivity — courts have typed ‘nonjurisdictional,’ although recognizing that those defenses ‘implicate values beyond the concerns of the parties.’ ” Id. (quoting Acosta v. Artuz, 221 F.3d 117, 122 (2000)). In Scarborough, the Supreme Court also reasoned as follows:
Clarity would be facilitated if courts and litigants used the label “jurisdictional” not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court’s adjudicatory authority-
541 U.S. at 414, 124 S.Ct. 1856 (quoting Kontrick v. Ryan, 540 U.S. 443, 454, 124 5.Ct. 906, 157 L.Ed.2d 867 (2004)).[6]
Section 5109A provides generally that a request for revision on the basis of clear and unmistakable error “shall be submitted to the Secretary and shall be decided in the same manner as any other claim.” *338 Because such a request for revision must be “decided in the same manner as any other claim,” section 5109A does not delineate any particular jurisdictional requirements beyond those already dictated under section 7104.
C. Waiver of a Right
It is well established that, absent an affirmative indication of Congress’s intent to preclude waiver, “[a] party may waive any provision either of a contract or of a statute, intended for his benefit.” Shutte v. Thompson, 15 Wall. 151, 82 U.S. 151, 159, 21 L.Ed. 123 (1873); Janssen v. Principi, 15 Vet.App. 370, 373-74 (2001); see also United States v. Mezzanatto, 513 U.S. 196, 200-01, 115 S.Ct. 797, 130 L.Ed.2d 697 (1995) (“Rather than deeming waiver presumptively unavailable absent some sort of express enabling clause, we instead have adhered to the opposite presumption”) In Disabled American Veterans, the Federal Circuit recognized that “one review on appeal” was a procedural right intended for the benefit of the claimant. 327 F.3d at 1342. It therefore follows that, in order to waive that right to one review on appeal, a claimant must have knowledge of that right, and must intend, voluntarily and freely, to relinquish or surrender that right. Janssen, 15 Vet.App. at 374.
In the instant case, there is no question with respect to the clarity of the waiver. Ms. Jarrell, represented by counsel, “expressly asserted her knowing and voluntary waiver of [regional office] consideration,” as conceded by the majority. Ante at 328. The Secretary has also agreed that Ms. Jarrell should be able to waive that procedural right.[7]
If not for the sake of the claimant’s right to additional review or the Secretary’s interest in the orderly processing of claims, what purpose can forcing “one review on appeal” serve? The majority’s decision dictates a further administrative procedure that is not sought by either Ms. Jarrell or the Secretary, and not required by law for the sole purpose of conforming the adjudication of this matter to the majority’s sense of what a well-ordered process should be.[8]
D. Deference to Agency and Informal Claimanb-Friendly System
When a claimant waives the right to one review on appeal, the Court should defer to the Secretary’s discretion regarding *339 whether the Board should adjudicate the claim in the first instance. The Supreme Court has established that “[c]ogent ‘administrative interpretations ... not [the] products of formal rulemaking ... warrant respect.’ ” Alaska Dep’t of Envtl. Conservation v. EPA, 540 U.S. 461, 487, 124 S.Ct. 983, 157 L.Ed.2d 967 (2004) (quoting Wash. State Dep’t of Soc. & Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 385, 123 S.Ct. 1017, 154 L.Ed.2d 972 (2003)). Courts should “respect the congressional delegation of authority to agencies in the matters entrusted to them and should also respect their specialized expertise in deciding the matters before them.” Kirkpatrick v. Nicholson, 417 F.3d 1361, 1365 (Fed.Cir.2005). Because the Board is an agent of the Secretary, this Court would unnecessarily interfere in the agency’s internal processing of claims by disallowing the Board from adjudicating a claim, despite the claimant’s waiver. The Court should respect the Secretary’s position in this case. Moreover, deference to the agency in the instant case results in an outcome both favorable to the claimant and in line with the congressional intent that the VA system be “as informal and nonadversarial as possible.” Bailey v. West, 160 F.3d 1360, 1369 (Fed.Cir.1998) (citing Walters v. Nat’l Ass’n of Radiation Survivors, 473 U.S. 305, 323-24, 105 S.Ct. 3180, 87 L.Ed.2d 220 (1985)).
E. The Rule of Prejudicial Error
Assuming, for the sake of argument, that the Board committed a jurisdictional error, the Court must consider whether that error was prejudicial. Although it might at first glance seem unnecessary to consider the rule of prejudicial error when there is a finding that the Board does not have jurisdiction in a matter, a clear reading of the statute dictates otherwise. Congress’s decision to require this Court to consider prejudice, even in the context of assessing the Board’s jurisdictional errors, is further evidence of the legislative intent to create a less formal concept of jurisdiction at the administrative level.
Section 7261(a) provides, in pertinent part, that “to the extent necessary to its decision and when presented [the Court] shall ... hold unlawful and set aside decisions ... by the Secretary [or the Board] found to be ... in excess of statutory jurisdiction, authority, or limitations.” Subsection (b)(2) requires that “[i]n making the determinations under subsection (a), the Court shall ... take due account of the rule of prejudicial error.” The Federal Circuit has stressed these requirements by reminding the Court of its responsibility in this regard. Conway v. Principi, 353 F.3d 1369, 1375 (Fed.Cir.2004). Read together, subsections (a) and (b) explicitly provide that the Court must take due account of the rule of prejudicial error when holding unlawful or setting aside Board decisions on jurisdictional grounds. The majority asserts that the Board’s error must be prejudicial because the Board committed a jurisdictional error and jurisdiction cannot be waived. But that analysis ignores the fact that the issue before the Court clearly falls within the scope of statutory jurisdiction granted by Congress to the Board. Bates, 398 F.3d at 1359. And it contradicts the clear and plain meaning of 38 U.S.C. § 7261(a) and (b), which distinctly suggests that a Board jurisdictional error may be nonprejudicial. The majority cannot point to any specific prejudice in this case because neither party was prejudiced, demonstrated by the fact that both parties agree that the Board’s adjudication in the first instance was nonprejudicial. Application of the rule of prejudicial error would thus, without question, result in a finding that there was no prejudice, given Ms. Jarrell’s waiver of regional office review and the Secretary’s agreement that she is entitled to *340 that waiver. In short, in response to the majority’s finding of prejudice, I can only ask, prejudice to whom?
F. Conclusion
Let me be clear that it is not my view that, by waiving the right to appeal and thereby consenting to adjudication of an issue in the first instance by the Board, a claimant can force the Board to decide an issue without the benefit of the factfinding and decisional expertise of the agency of original jurisdiction. Nor can the Board, by unilaterally deciding an issue not presented to the agency of original jurisdiction, force the claimant to abandon the statutory right to one review on appeal. These limitations illustrate two principles: (1)The agency has authority to enforce its claims processing rules and (2) the claimant has a right to one review on appeal from the Secretary. But the procedural requirements for claims processing set forth in 38 U.S.C. § 7105 and 38 U.S.C. § 5109A do not define the jurisdictional requirements of either the Board or the Court. As the Supreme Court clearly set forth in Day and Scarborough, claims processing rules are not jurisdictional. And, although section 7104 provides that the claimant has a right to one review on appeal, the claimant can waive that right, provided that such a waiver is knowing and intelligent. Cf. Disabled Am. Veterans, 327 F.3d at 1342. In the unique circumstances of this case in which the interests of the claimant and the institutional interest of the agency coincide, there are no competing interests, and the disal-lowance of a waiver leads to absurd results — an unwanted remand, consequential delay for Ms. Jarrell, and waste of administrative resources for VA. Consequently, I respectfully dissent.

. My disagreement with my colleagues stems from a basic difference of opinion regarding the nature and character of the Board. My colleagues appear to treat the Board as the functional equivalent of a court of law, separate and independent of any agency and before which the proceedings are fully adversarial. This premise is mistaken. The Board is an agent of the Secretary created by Congress for the purpose of affording claimants who disagree with VA's initial decision on an application for benefits their statutory right to another review within the agency prior to the agency’s final determination on the application. See Disabled Am. Veterans v. Sec’y of Veterans Affairs, 327 F.3d 1339, 1346-47 (Fed.Cir.2003) (“By statute, the Board is an agent of the Secretary, as are the [agencies of original jurisdiction].'') (citing 38 U.S.C. § 7101(a) (2000)) The Board and its members have a rich history in the adjudication of veterans claims, however, equating the Board with an independent court of appeals is inconsistent with the manner in which the Board functions and in which it has been described in judicial decisions. The Board, unlike nearly all appellate courts, reviews all facts de novo. The Board's decision is based on the entire record before the regional office and it must assume that the claimant disagrees with all statements of fact previously found by the agency. 38 C.F.R. §§ 19.7(a) (2005), 20.202 (2005). Indeed, the Board conducts evidentiary hearings and has independent authority to obtain information for initial consideration from both within and outside VA, if it obtains the claimant's waiver. 38 C.F.R. § 20.1304 (2005); Disabled Am. Veterans, 327 F.3d at 1347-48. The Board is also "bound” by the "instructions of the Secretary” as explicitly set forth under 38 U.S.C. § 7104. Thus, because the Secretary is both a party in this case and the head of the entire VA, including the Board, his agreement with Ms. Jarrell that she can waive her right to a second adjudication of her claim presents a different context than waiver of jurisdiction in a federal district or appellate court.

. The Federal Circuit suggested in Disabled American Veterans v. Secretary of Veterans Affairs that if the claimant had been afforded the opportunity to waive appellate review and had decided to waive that right, the Board would have been allowed to consider new evidence without having to remand the matter to the regional office. 327 F.3d at 1341.

. Although the majority cites to the Federal Circuit's decision in Scates v. Principi for the proposition that the Board is primarily an appellate tribunal, the Federal Circuit also established in Scates that "[t]he Board's substantive jurisdiction is broad.” 282 F.3d 1362, 1366-1367 (2002). Moreover, in Scates the Federal Circuit declined to reach the holding reached by this Court in its underlying decision, which held that the Board lacked original jurisdiction to review the question of entitlement to attorney fees. Id.; see Scates v. Gober, 14 Vet.App. 62, 65 (2000). Significantly, the Federal Circuit cited to its prior decision in Cox v. West, 149 F.3d 1360, 1364-65 (Fed.Cir.1998), in which it ruled that the Board "might have [had] jurisdiction over Cox's claim [seeking payment by the Secretary of an undisputed fee] under § 7104, because that claim required the Secretary under § 511(a) ‘to make a decision "under a law that affects the provision of benefits by the Secretary to veterans.” ’ ” Scates, 282 F.3d at 1368 (quoting Cox, 149 F.3d at 1365 (quoting 38 U.S.C. § 511(a))).

.The Secretary's interest in intra-agency claims processing is served when the Board decides either to remand a matter to the regional office or to allow the claimant to waive regional office review so that it may consider a matter in the first instance.

. The majority also relies on Godfrey v. Brown, and Bernard v. Brown, which both acknowledged that the section 7105 requirements were procedural and described them as a "a series of very specific, sequential, procedural steps that must be carried out” for appellate review. Godfrey v. Brown 7 Vet.App. 398, 409 (1995) (emphasis added) (quoting Bernard v. Brown, 4 Vet.App. 384, 390 (1993)). Godfrey and Bernard are also distinguishable from the instant case because the claimants in those cases did not want to waive their rights to "one review on appeal.”

. The Supreme Court held that this Court’s jurisdictional requirements had already been satisfied when Scarborough appealed the Board decision denying his claim for disability benefits.

. The majority's forced remand in this case is tantamount to forcing a remand to require compliance with the notice provisions of section 5103(a) against the wishes of the appellant and the Secretary.

. The majority concedes that the Board can proceed to adjudicate arguments in the first instance when claimant's waive regional office review so long as the regional office has reviewed the underlying claim. However, in the context of assertions of clear and unmistakable error, the line between rephrasing the argument and asserting a new claim becomes unascertainable because each "assertion of a particular clear and unmistakable error by the [regional office] constitutes a distinct claim.” Andre v. Principi, 301 F.3d 1354, 1361 (Fed.Cir.2002) (citation omitted). Thus, implementing the majority's rule will result in arbitrary and inconsistent outcomes. Such inconsistency is demonstrated by a comparison of the majority's position in the instant case and its analysis of Huston v. Principi, 18 Vet.App. 395(2004). In Huston, the Court considered the same question posed by the majority in this case. — whether the Board could consider a clear-and-unmistakable-error argument that was not presented to the regional office. 18 Vet.App. at 402-3. The facts in Huston are strikingly similar to the facts in this case in that both Ms. Jarrell and the claimant in Huston presented vague clear- and-unmistakable-error arguments before the regional office and the Board then considered more specific variations of those assertions. The majority's holding regarding the adjudication of this case, which has similar facts, is contradictory and inconsistent and foreshadows future problems of administrability.