**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**


No. 03-1903


R. Edward Bates, Petitioner,


v.


R. James Nicholson,
Secretary of Veterans Affairs, Respondent.


Before IVERS, *Chief Judge*, and STEINBERG and HAGEL, *Judges*.

**O R D E R**

On July 28, 2003, the petitioner was informed by a letter from the Department of Veterans Affairs (VA) General Counsel (GC), acting on behalf of the Secretary, that the Secretary had cancelled the petitioner's accreditation to represent claimants before VA. On August 6, 2003, the petitioner, through counsel, filed with a VA regional office (RO) a Notice of Disagreement (NOD) as to the Secretary's decision. The VARO thereafter referred the NOD to the Office of the GC. On October 20, 2003, the petitioner, through counsel, filed in this Court a petition for extraordinary relief in the nature of a writ of mandamus. The petitioner requested that this Court order the Secretary or his delegates to provide a Statement of the Case (SOC) in connection with the petitioner's NOD. On October 28, 2003, the petitioner filed a supplemental verified petition confirming that the Secretary had refused to issue an SOC in this matter.

On October 31, 2003, the Court ordered the Secretary to file an answer to the petition. On December 1, 2003, the Secretary filed his answer arguing that the Court's authority under the All Writs Act, 28 U.S.C. § 1651(a), did not extend to the matter raised in this petition because such matter could never result in a decision by the Board of Veterans' Appeals (Board). Accordingly, the Secretary urged the Court to dismiss the petition for lack of jurisdiction.

In a February 19, 2004, order, the Court concluded that the issue of the petitioner's challenge to the termination of his accreditation was not justiciable by the Board and dismissed the petition for lack of jurisdiction. *Bates v. Principi*, 17 Vet.App. 443, 445-47 (2004) (per curiam order). The petitioner appealed to the United States Court of Appeals for the Federal Circuit (Federal Circuit). On February 28, 2005, the Federal Circuit issued an opinion in which it held, notwithstanding 38 C.F.R. § 14.633(g) (2004) (providing that GC accreditation-cancellation decision is final), that the Board and this Court have jurisdiction to review a VA accreditation-cancellation decision; the Federal Circuit reversed this Court's decision and remanded the matter with instructions to issue the requested writ of mandamus. *See Bates v. Nicholson*, 398 F.3d 1355, 1365-66 (Fed. Cir. 2005). On June 1, 2005, the Federal Circuit issued its mandate.

Upon consideration of the foregoing, it is

ORDERED that, in accordance with the mandate of the Federal Circuit, the relief requested in the petitioner's October 20, 2003, petition for a writ of mandamus is GRANTED, to wit, that, not later than 21 days after the date of this order, the Secretary or his delegate is directed to provide the petitioner with an SOC in connection with his NOD. *See* 38 U.S.C. § 7105(d). It is further

ORDERED that, not later than 30 days after the date of this order, the Secretary advise the Court of the date on which the SOC was issued and provide the Court with a copy of the SOC.

DATED:     June 17, 2005                              PER CURIAM.