This version includes an errata dated 21Jul05-e

**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 05-0470

Lawrence E. Woznick, Petitioner,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Respondent.

Before KASOLD, MOORMAN, and SCHOELEN, *Judges*.

**O R D E R**

On February 28, 2005, Mr. Woznick filed pro se correspondence, with attachments, that the Court construed as a petition for extraordinary relief in the nature of a writ of mandamus. The petition alleges that the Secretary failed to issue a Supplemental Statement of the Case (SSOC) in response to Mr. Woznick's May 17, 2004, letter captioned as a "Notice of Disagreement (NOD)" as to an April 23, 2004, decision of the Cleveland, Ohio, VA regional office (RO) that granted Mr. Woznick a 20% disability rating for his service-connected impotence and granted entitlement to special monthly compensation (SMC). The April 23 decision was the result of a previous Board of Veterans' Appeals (Board) decision that awarded a 20% disability rating for impotence and remanded the matter to the RO to consider Mr. Woznick's entitlement to SMC in the first instance. In the petition, Mr. Woznick requests that the Court order the Secretary to issue an SSOC. Petition at 2.

The attachments to the petition include a copy of the May 17 letter, in which it is clearly stated: "This is a Notice of Disagreement (NOD) to the **clearly erroneous decision** as set forth in the VA letter dated 23 April 2004 on behalf of the Veteran." Attachment to Petition (underscore and boldface emphasis in original). Although the May 17 letter also discusses what the RO construed as new claims for the "secondary residuals" of his service-connected prostatitis, including an increased evaluation for urinary incontinence and SMC benefits for being housebound as a result of his urinary incontinence (hereinafter "incontinence-related claims"), it clearly states that Mr. Woznick "disagree[s] with *all* the adjudicative determinations mentioned in the above referenced VA letters and any enclosures thereto." *Id.* (emphasis supplied). A second attachment to the construed petition is a letter dated November 23, 2004, from Ms. Peak, a VA FOIA/Privacy Act Officer, sent on behalf of the Chairman of the Board in response to a November 9, 2004, letter from Mr. Woznick that had requested a copy of the Statement of the Case (SOC). The November 23 letter states that "the document you describe as the May 17, 2004[,] notice of disagreement[] in fact concerned an issue upon which no decision has yet been issued. Therefore, no statement of the case exists." A third attachment to the construed petition is a February 1, 2005, letter from Mr. Woznick

in reply to the Board Chairman, which notes that Ms. Peak "misconstrued the . . . Notice of Disagreement", that it is Mr. Woznick's "intention to appeal the erroneous decision of April 23, 2004", and that he "is entitled to a supplemental statement of the case."

In response to the Court's March 16, 2005, order, the Secretary filed an answer to the petition. In his answer, the Secretary notes that Mr. Woznick has been awarded service connection for impotence and that Mr. Woznick's May 17 letter sought compensation for his incontinence-related disabilities. Secretary's Response at 4. The Secretary therefore contends that the May 17 letter addresses new claims and does not constitute an NOD and, accordingly, Mr. Woznick is not entitled to an SOC or an SSOC until an initial decision is rendered on the new claims. *Id.* The Secretary further contends that Mr. Woznick's claim has been granted "in full" and that "he could not better prove his claim." *Id.* at 5.

Attached to the Secretary's response is a supporting declaration from Mr. Dorko, the "supervisor/coach of the Appeals Team in the Veterans Service Center, VA Regional Office, Cleveland, Ohio." In the declaration, the supervisor contends that the May 17 letter from Mr. Woznick raises a new claim. The supervisor, however, does not recognize the unequivocal disagreement expressed in that letter as to "all the adjudicative determinations" in the April 23 RO decision.

In addition to its appellate jurisdiction, the Court has the authority under the All Writs Act (AWA), 28 U.S.C. § 1651(a), to issue all writs necessary or appropriate in aid of its jurisdiction. *See In Re Fee Agreement of Cox*, 10 Vet.App. 361, 367-71 (1997), *vacated in part on other grounds sub nom. Cox v. West*, 149 F.3d 1360 (Fed. Cir. 1998). "'The exercise of this [AWA] power . . . extends to the potential jurisdiction of the appellate court where an appeal is not then pending but may be later perfected.'" *Bates v. Nicholson*, 398 F.3d 1355, 1366 (Fed. Cir. 2005) (quoting *FTC v. Dean Foods Co.*, 384 U.S. 597, 603 (1966)). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Three conditions must be met before a court may issue a writ of mandamus: (1) The petitioner must lack adequate alternative means to obtain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process, (2) the petitioner must demonstrate a clear and indisputable right to the writ, and (3) the Court must be convinced, given the circumstances, that the issuance of the writ is warranted. *See Cheney v. United States Dist. Ct. for D.C.*, 542 U.S. ___, ___, 124 S.Ct. 2576, 2587 (2004) (citing *Kerr, supra*); *Erspamer v. Derwinski*, 1 Vet.App. 3, 9 (1990).

In this case, the Secretary does not dispute that the RO issued the April 23 decision, complete with appellate rights notification. The Secretary also does not dispute that Mr. Woznick submitted the letter dated May 17, termed a "Notice of Disagreement (NOD)", as to the April 23 RO decision. Although this letter primarily refers to Mr. Woznick's incontinence-related claims, it is not possible to read this letter as being limited solely to those claims. The letter clearly expresses disagreement with the entire April 23 RO decision. In this regard, the Court notes that there are appealable issues in that decision, such as the effective date of the 20% disability rating for impotence. Moreover, to

the extent that there may have been confusion with regard to the intent of Mr. Woznick's May 17 letter, it was incumbent upon the Secretary to seek clarification from the claimant. *See* 38 C.F.R. § 19.26 (2004).

Regardless of the correctness of the Secretary's conclusion that the May 17 letter did not constitute an NOD, it cannot be contested that Mr. Woznick's February 1 letter put the Secretary on notice that his May 17 letter was intended to be an NOD and that Mr. Woznick disagreed with the Secretary's construction of the May 17 letter. Although the record does not contain direct correspondence from the Secretary to Mr. Woznick notifying him that the Secretary continues to reject the May 17 letter as an NOD, the Secretary's response to the Court order and the affidavit of Mr. Dorko attached thereto clearly establish that fact; indeed, according to Mr. Dorko's affidavit, Mr. Woznick's claims for service-connected disability benefits for impotence and for SMC have been closed.

The determination as to the adequacy of an NOD is an appealable action. *See* 38 C.F.R. § 19.28 (2004); *see also* 38 C.F.R. § 19.27 (2004). Whenever a claimant protests an adverse determination with regard to the adequacy of an NOD, the appropriate action is to issue an SOC. *See* 38 C.F.R. § 19.28. On the facts in this case, it is clear that the Secretary has determined the May 17 letter to be inadequate as an NOD and has decided not to issue an SOC. It is equally clear that Mr. Woznick disputes the Secretary's determination that the May 17 letter was not an NOD. Under such circumstances, the Secretary is required to issue an SOC with regard to the determination that the NOD was inadequate. *See* 38 C.F.R. § 19.28. The Court finds that Mr. Woznick has exhausted his administrative remedies and is entitled to the extraordinary relief sought. *See Cheney*, *supra*; *see also Bates*, 398 F.3d at 1366 (ordering this Court to order the Secretary to issue an SOC, where Secretary had refused to do so, and the Board to decide the appeal); *Bates v. Nicholson*, ___ Vet.App. ___, No. 03-1903 (June 17, 2005) (granting petition for extraordinary relief and issuing extraordinary relief in the nature of a writ of mandamus).

The Court notes that Mr. Woznick also argues in the construed petition that he raised to the Board the issue of "secondary residuals" regarding his service-connected prostatitis, including incontinence. Petition at 2. The Secretary states that he is currently adjudicating that claim Accordingly, the Court will deny Mr. Woznick's petition for extraordinary relief as it relates to the incontinence-related claims. *See Cheney*, *supra*.

The Court is aware that, given the as yet-unadjudicated status of Mr. Woznick's incontinence-related claims, an order by this Court that the RO issue an SOC may not provide the full relief that Mr. Woznick is seeking. Nevertheless, the Court is persuaded that VA has an obligation to issue an SOC. Speculation by the Secretary or the Court that the SOC will not address those aspects of the claim that continue to concern the claimant is not a justification for refusal to provide an SOC with regard to the Secretary's determination that an NOD is inadequate, particularly when a claimant insists that his communication be treated as an NOD, which would require that an SOC issue. *See* 38 C.F.R. § 19.28.

Upon consideration of the foregoing, it is

ORDERED that the construed petition for extraordinary relief in the nature of a writ of mandamus, as it relates to Mr. Woznick's incontinence-related claims, is DENIED. It is further

ORDERED that the construed petition for extraordinary relief in the nature of a writ of mandamus is GRANTED as follows: The Secretary is directed to issue an SOC in response to Mr. Woznick's February 1, 2005, letter protesting the Secretary's construction of Mr. Woznick's May 17, 2004, letter that such letter did not constitute an NOD. The Secretary shall promptly certify to the Court that he has complied with what is ordered hereby.

DATED:     June 21, 2005                    PER CURIAM.