# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 05-1094

John H. Harris, Petitioner,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Respondent.

On Petition for Extraordinary Relief

(Decided      September 28, 2005     )

*Sean A. Ravin*, of Washington, D.C., was on the pleadings for the petitioner.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Carolyn F. Washington*, Deputy Assistant General Counsel, and *Catherine A. Chase*, all of Washington, D.C., were on the pleadings for the respondent.

Before KASOLD, HAGEL, and DAVIS, *Judges*.

KASOLD, *Judge*:   On April 26, 2005, veteran John H. Harris filed a petition for extraordinary relief in the nature of a writ of mandamus, wherein he asks that the Court issue an order directing the Secretary to issue a Statement of the Case (SOC) in response to a Notice of Disagreement (NOD) that he purportedly filed in response to a rating decision issued by a VA regional office (RO).  The petition was referred to panel for disposition because it raises, inter alia, the question of first impression of whether a VA-benefits claimant may file an NOD as to an RO decision implementing a determination made by the Board of Veterans' Appeals (Board).  However, as explained below, this issue is not yet ripe for consideration.

Mr. Harris asserts that the RO has declined to accept his NOD as valid and has refused to issue an SOC.  The Secretary filed a response to Mr. Harris' petition, arguing that an NOD cannot be filed against an RO decision that implements a decision made by the Board, such as the RO decision here, and thus there was no obligation upon the Secretary to issue an SOC in response to

the purported NOD. On this basis, the Secretary argues, the grant of Mr. Harris' petition is not warranted. The Court granted leave for Mr. Harris to file a reply to the Secretary's response; therein, Mr. Harris argues that this Court's recent holding in *Woznick v. Nicholson*, 19 Vet.App. 198 (2005) (granting petition for extraordinary relief in the nature of a writ of mandamus), is controlling here because in both cases the Secretary has refused to issue an SOC in response to an NOD. The Court further granted leave to the Secretary to file a response to Mr. Harris' reply, wherein the Secretary distinguishes *Woznick* from the case at bar. For the reasons set forth below, the petition for extraordinary relief will be denied.

## I. BACKGROUND

The parties generally agree on the facts. Mr. Harris filed a claim for entitlement to total disability based on individual unemployability (TDIU) in June 1997. Following an initial denial of this claim and further development, the RO in an August 2001 rating decision granted the claim for TDIU and assigned an effective date of June 6, 1997, the date of Mr. Harris' claim. Mr. Harris filed an NOD as to the effective date assigned by the RO and, after a remand from the Court, in June 2004 the Board found entitlement to an earlier effective date of December 3, 1996, for Mr. Harris' TDIU claim. Mr. Harris did not file a Notice of Appeal (NOA) from that decision with the Court.

In November 2004, more than 120 days after the Board's decision, the RO issued a letter notifying Mr. Harris that it "made a decision on your appeal" and assigned December 3, 1996 – the same date decided by the Board – as the effective date of Mr. Harris' claim. Mr. Harris was also notified of his appellate rights. Later that month, Mr. Harris, through counsel, provided the RO his self-styled "notice of disagreement" with this decision. Therein, Mr. Harris asserted that he "disagrees with the effective date assigned for a total disability rating and asserts that he is entitled to an effective date earlier than December 3, 1996[,] for a total disability rating due to service connected disabilities." He further asserted that a "full grant of benefits is the award of entitlement to a total disability rating effective from 1990." In April 2005, the RO acknowledged receipt of Mr. Harris' NOD and advised him that it could not be accepted because the effective date had been established by the Board and not the RO. The record contains no indication of any other communication thereafter between Mr. Harris and the RO.

## II. ANALYSIS

In addition to its appellate jurisdiction, the Court has the authority under the All Writs Act (AWA), 28 U.S.C. § 1651(a), to issue all writs necessary or appropriate in aid of its jurisdiction. *See In Re Fee Agreement of Cox*, 10 Vet.App. 361, 367-71 (1997), *vacated in part on other grounds sub nom. Cox v. West*, 149 F.3d 1360 (Fed. Cir. 1998). "'The exercise of this [AWA] power . . . extends to the potential jurisdiction of the appellate court where an appeal is not then pending but may be later perfected.'" *Bates v. Nicholson*, 398 F.3d 1355, 1359 (Fed. Cir. 2005) (quoting *FTC v. Dean Foods Co.*, 384 U.S. 597, 603 (1966)). "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976); *see also Lamb v. Principi*, 284 F.3d 1378, 1382 (Fed. Cir. 2002).

Three conditions must be met before a court may issue a writ of mandamus: (1) The petitioner must lack adequate alternative means to obtain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process, (2) the petitioner must demonstrate a clear and indisputable right to the writ, and (3) the Court must be convinced, given the circumstances, that the issuance of the writ is warranted. *See Cheney v. United States Dist. Ct. for D.C.*, 542 U.S. 367, ___, 124 S.Ct. 2576, 2587 (2004) (citing *Kerr, supra*); *Erspamer v. Derwinski*, 1 Vet.App. 3, 9 (1990). Moreover, an extraordinary writ cannot be used as a substitute for an appeal, even though hardship may result from delay. *See Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953); *see also Lamb*, 284 F.3d at 1384.

Mr. Harris seeks an extraordinary writ in order to compel the Secretary to issue an SOC in response to his November 2004 letter providing "notice of disagreement." In that letter, Mr. Harris specifically stated that he sought to have the RO assign an effective date for his TDIU claim earlier than the date assigned by the Board. The Court notes that Mr. Harris does ***not*** assert any error in the RO's rating decision implementing the effective date decided by the Board; there is no allegation of any legal, factual, or ministerial error in the RO's decision. Rather, Mr. Harris solely argues that the RO should adjudicate whether he is entitled to an earlier date, back to sometime in 1990, under two regulatory provisions.

Because the December 3, 1996, effective date was determined by the Board, review for error can only be had if an NOA had been filed with the Court within 120 days after notice of the Board's

decision was mailed to the claimant, *see* 38 U.S.C. § 7266(a), or a motion for Board reconsideration had been filed within 120 days of notice of mailing of the Board's decision and an NOA had been filed within 120 days from notice of the Board's denial of reconsideration, *see Rosler v. Derwinski*, 1 Vet.App. 241, 245-46 (1991). However, no such action was taken, and the Board's decision therefore became final. To the extent Mr. Harris is attempting to get a second chance to appeal the June 2004 Board decision or to use a petition for extraordinary relief as a substitute for an appeal from the Board's June 2004 decision, his effort must fail. *See Holland* and *Lamb*, both *supra*; *see also Smith v. Brown*, 35 F.3d 1516, 1526 (Fed. Cir. 1994) (construction of regulation to permit review by RO of a Board decision to be avoided); *Donovan v. Gober*, 10 Vet.App. 404, 409 (1997) ("an RO must not be placed in the anomalous position of reviewing the decision of the [Board], a superior tribunal"). Accordingly, Mr. Harris is not entitled to the extraordinary relief sought. *See Cheney*, 542 U.S. at ___, 124 S.Ct. at 2587 (petitioner must demonstrate "clear and indisputable" right to the writ).

Moreover, even if Mr. Harris believed that his self-styled "notice of disagreement" was adequate to compel the issuance of an SOC, his effort to secure a writ of mandamus fails because he has not exhausted his administrative remedies. After the Secretary acknowledged receipt of Mr. Harris' November 2004 "notice of disagreement" letter, but refused to accept it, Mr. Harris immediately petitioned the Court. If Mr. Harris continued to believe his letter presented an adequate NOD to a decision of the RO, he should have objected to the Secretary rather than the Court. "If the claimant or his or her representative protests an adverse determination made by the agency of original jurisdiction with respect to the adequacy of a Notice of Disagreement, the claimant will be furnished a Statement of the Case." 38 C.F.R. § 19.28 (2004). The determination as to the adequacy of an NOD is an appealable action. *See Woznick*, 19 Vet.App. at 201 (citing 38 C.F.R. § 19.28). Mr. Harris must exhaust his administrative remedies before extraordinary relief can be granted. *See Cheney* and *Erspamer*, both *supra*. He has not done so here.

### III. CONCLUSION

Upon consideration of the foregoing, Mr. Harris' petition for extraordinary relief in the nature of a writ of mandamus is DENIED.

4

PETITION DENIED.