Citation Nr: 1829602 
Decision Date: 06/26/18 Archive Date: 07/02/18

DOCKET NO. 14-29 756 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina


THE ISSUES

1. Entitlement to service connection for a back condition.

2. Entitlement to a total disability rating based on individual unemployability (TDIU).

3. Entitlement to evaluation in excess of 30 percent for service-connected hallux valgus of the right foot. 

4. Entitlement to evaluation in excess of 30 percent for service-connected hallux valgus of the left foot.

5. Entitlement to evaluation in excess of 10 percent for service-connected osteoarthritis of the right knee.

6. Entitlement to evaluation in excess of 10 percent for service-connected degenerative joint disease of the left ankle.

7. Entitlement to evaluation in excess of 10 percent for service-connected degenerative joint disease of the right ankle.

8. Entitlement to a compensable evaluation for residual scars of the left foot, status post hallux valgus surgery.


REPRESENTATION

Veteran represented by: J. Robert Surface, Attorney-at-Law


WITNESSES AT HEARING ON APPEAL

Veteran and Spouse


ATTORNEY FOR THE BOARD

L. Durham, Counsel


INTRODUCTION

The Veteran served on active duty from September 1973 to September 1976.

These matters come before the Board of Veterans' Appeals (Board) on appeal from a June 2013 rating decision. 

The Board notes that the claims file contains an August 2016 statement of the case (SOC) pertaining to the issue of whether the Veteran's attorney, J. Robert Surface, was entitled to a direct attorney fee payment by VA for the June 26, 2013, decision. However, as a timely substantive appeal has not been submitted with regard to this issue, this issue is currently not on appeal before the Board. 
The Board acknowledges that the July 2014 SOC also included the issue of entitlement to an evaluation greater than 30 percent for hallux valgus of the right foot. However, in an October 8, 2014, letter, the Veteran was notified that the August 2012 notice of disagreement (NOD) pertaining to this issue was not valid and would not continue forward in appellate status at this time. The NOD was not valid because the July 2012 decision on this issue was merely implementing the Board's award of a 30 percent rating in an April 2012 decision. A claimant cannot challenge the merits of a Board decision by expressing disagreement with the AOJ's implementing rating decision. See Harris v. Nicholson, 19 Vet. App. 345, 348 (2005); see also Smith v. Brown, 35 F.3d 1516, 1526 (Fed.Cir.1994) (construction of regulation to permit review by RO of a Board decision to be avoided); Donovan v. Gober, 10 Vet.App. 404, 409 (1997) ("an RO must not be placed in the anomalous position of reviewing the decision of the [Board], a superior tribunal")." As such, this issue is not on appeal before the Board from the 2012 rating. Rather, the claim was subsequently adjudicated in a 2016 rating decision, and a NOD is pending.

The Veteran testified at a video conference hearing before the undersigned Veterans Law Judge (VLJ) at the RO in Columbia, South Carolina, in November 2016. A transcript of this hearing has been associated with the claims file.

The issue of entitlement to special monthly compensation (SMC) based on loss of use of the right foot has been raised by the record in August 2014 and October 2016 statements, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2017).

Other than the TDIU claim, all other issues are addressed in the REMAND portion of the decision below and are REMANDED to the AOJ.



FINDING OF FACT

The Veteran is unable to obtain or maintain gainful employment due to his service-connected disabilities.


CONCLUSION OF LAW

The criteria for entitlement to TDIU have been met. See 38 U.S.C. §§ 1155, 5103, 5107 (2012); 38 C.F.R. §§ 3.159 , 3.321, 3.340, 3.341, 4.16, 4.25 (2017).


REASONS AND BASES FOR FINDING AND CONCLUSION

The Board has thoroughly reviewed all the evidence in the Veteran's VA files. In every decision, the Board must provide a statement of the reasons or bases for its determination, adequate to enable an appellant to understand the precise basis for the Board's decision, as well as to facilitate review by the United States Court of Appeals for Veterans Claims (Court). 38 U.S.C. § 7104(d)(1); see Allday v. Brown, 7 Vet.App. 517, 527 (1995). Although the entire record must be reviewed by the Board, the Court has repeatedly found that the Board is not required to discuss, in detail, every piece of evidence. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000); Dela Cruz v. Principi, 15 Vet. App. 143, 149 (2001) (rejecting the notion that the Veterans Claims Assistance Act mandates that the Board discuss all evidence). Rather, the law requires only that the Board address its reasons for rejecting evidence favorable to the appellant. See Timberlake v. Gober, 14 Vet. App. 122 (2000). The points below focus on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claim. The appellant must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake, infra. 

In light of the fully favorable determination in this case with regard to the Veteran's claim for entitlement to TDIU, no discussion of compliance with VA's duty to notify and assist is necessary.

It is the established policy of VA that all Veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities be rated totally disabled. 38 C.F.R. § 4.16. A finding of total disability is appropriate "when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation." 38 C.F.R. §§ 3.340 (a)(1), 4.15.

Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities provided that if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more such disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more. For the purpose of one 60 percent or one 40 percent disability in combination, disabilities resulting from a common etiology or a single accident, or affecting a single bodily system, will be considered as one disability. 38 C.F.R. § 4.16 (a).

In determining whether unemployability exists, consideration may be given to the Veteran's level of education, special training and previous work experience, but not to his age or to any impairment caused by nonservice-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19.

In this instance, service connection has been established for hallux valgus of the left foot (30 percent); hallux valgus of the right foot (30 percent); total left knee replacement (30 percent); right knee osteoarthritis (10 percent); degenerative joint disease of the right ankle (10 percent); degenerative joint disease of the left ankle (10 percent); right knee instability (10 percent); residual scar of the left foot (0 percent); and residual scar of the left knee (0 percent), for a combined evaluation of 90 percent. The Veteran's claim for TDIU was received in April 2012, and his combined evaluation has been at least at 90 percent since April 23, 2012, to include an extended period from November 17, 2015, to December 31, 2016, during which the Veteran's combined evaluation was 100 percent due to a total left knee replacement. 

The RO incorrectly found in the 2014 Statement of the Case that the Veteran did not meet the schedular criteria for TDIU. His various orthopedic disabilities can be counted as a single disability under 4.16(a). Thus, the Board finds the Veteran meets the minimum schedular requirements for TDIU. See 38 C.F.R. § 4.16 (a). The only remaining question in this case is whether the Veteran is unable to secure or follow a substantially gainful occupation as a result of his service-connected disabilities.

In this regard, the Veteran contended in an April 23, 2012, VA Form 21-8940 (Application for Increased Compensation Based on Unemployability) that he is prevented from securing or following any substantial gainful occupation because of his back, knee, ankle, and feet disabilities. He asserted that he has not worked since 1985, when he worked as a Kettler Operator. At his November 2016 hearing, the Veteran testified that his education included attending school through the 12th grade and one year of college in law enforcement. He asserted that he never got in involved in law enforcement, however. He testified that his jobs have always involved some sort of physical labor, standing, or walking, such as working in a warehouse or as a machine operator. 

The record reflects that the Veteran began receiving Social Security Administration (SSA) disability benefits in April 1985 due to a back disability. 

In support of his claim, the Veteran has recently submitted a November 2016 Vocational Assessment from a certified vocational evaluator at Clifford Vocational Services. Upon interviewing the Veteran and considering his educational and work history, as well as his service-connected bilateral knee, bilateral ankle, and bilateral foot disabilities, the evaluator found that these disabilities, when considered together, result in a serious, disabling condition that has and will continue to have a significant negative vocational impact preventing the Veteran from being able to maintain substantial gainful employment even at the sedentary physical demand level. The examiner concluded by opining that, within a high degree of certainty, the Veteran has been unable to secure or follow a substantially gainful occupation as a result of his service-connected disabilities.

The Board has also reviewed all other pertinent medical evidence of record. Specifically, a VA examiner determined in a June 2013 VA ankle examination report that any prolonged weight-bearing activity, standing, or walking would be limited by this condition.

At a March 2016 VA knee examination, the examiner noted that the Veteran's service-connected right knee chronic strain and instability with moderate degenerative changes results in difficulty with prolonged standing, prolonged walking, climbing stairs, squatting, kneeling, lifting and carrying. There is also difficulty with stiffness and pain with prolonged sitting. At a March 2016 VA ankle examination, the examiner found that the Veteran's bilateral service-connected degenerative ankle conditions result in difficulty with prolonged standing, walking, squatting, and with prolonged sitting. At a March 2016 VA foot examination, the examiner noted that the Veteran's bilateral foot conditions affect walking, prolonged standing, and climbing stairs, and caused pain with prolonged sitting.

More recently, at a March 2017 VA knee examination, the examiner concluded that the Veteran will have difficulty with prolonged walking, standing, and sitting, as well as squatting and lifting. At a March 2017 VA ankle examination, the examiner concluded that the Veteran will have difficulty with prolonged standing and walking, as well as squatting and lifting. At the March 2017 VA foot examination, the examiner found that the Veteran will have marked difficulty with prolonged standing and walking, as well as squatting.

Upon review of all the aforementioned evidence, the Board finds that the Veteran's service-connected disabilities alone would preclude him from engaging in substantially gainful employment. Specifically, the evidence of record does not reflect that the Veteran has had any prior work experience or training relating to sedentary employment. The record reflects that he has a high school education with one year of post-high school education in law enforcement. He has no work experience in law enforcement, however. The entirety of his prior work experience involves physical labor or some sort of standing or walking. In this regard, the aforementioned VA examination reports reflect that the Veteran's service-connected ankle, feet, and knee conditions affect his ability to walk, stand or sit for prolonged periods, climb stairs, perform weight-bearing activities, squat, and lift. With these limitations, the Board finds that it would be difficult to engage in any physical labor for which he may have training or experience. 

It is certainly correct that the Veteran stopped working in the 1980s due to a back injury - a condition that is not currently service-connected. While the reason he left his last employment is relevant, it is not the sole focus. The question is not why he left his job 30 years ago, but whether the severity of his service-connected conditions now, standing alone, prevents him from obtaining or maintaining gainful employment. Therefore, in consideration of the November 2016 Vocational Assessment, and as all of the Veteran's previous jobs involved some kind of physical activity, the Veteran does not appear to have any training or education that would lend itself to sedentary employment, he has not worked since 1985, and the VA examination reports from recent years reflect that the Veteran's service-connected joint disabilities would make physical labor difficult, the Board finds that it would not be feasible for the Veteran to follow any substantially gainful occupation due to his service-connected disabilities. Therefore, his claim of entitlement to TDIU is granted.

Additionally, the Board notes that, as neither the Veteran's contentions nor the evidence reflects that his unemployability is due solely to any single service connected disability, the issue of entitlement to SMC under 38 U.S.C. § 1114(s) has not been raised. Bradley v. Shinseki, 22 Vet. App. 280, 293 (2008) (a TDIU rating can qualify for compensation at the 38 U.S.C. § 1114 (s) rate, but only if the TDIU is based on a single disability); VAOPGCPREC 66-91 (Aug. 15, 1991) (several separately ratable disabilities cannot be combined to achieve a single total rating in order to qualify for SMC). The Board notes the Veteran was awarded SMC under this section during the time period he had a 100 percent rating for his knee replacement, from November 17, 2015 to January 1, 2017. 


ORDER

Entitlement to TDIU is granted.


REMAND

Additional development is needed prior to the adjudication of the remaining claims on appeal.

As an initial matter, the Board notes that the Veteran was denied claims for increased ratings for his service-connected hallux valgus of the right foot and the left foot, osteoarthritis of the right knee, degenerative joint disease of the left ankle and the right ankle, and residual scars of the left foot, status post hallux valgus surgery in an April 2016 rating decision. In May 2016, the Veteran submitted a notice of disagreement (NOD) indicating that he disagreed with the denial of these claims. The Veteran has not been afforded a SOC addressing these issues. Therefore, these claims must now be remanded to allow the RO to provide the Veteran with an appropriate SOC on these issues. Manlincon v. West, 12 Vet. App. 238, 240-41 (1999). These issues will be returned to the Board after issuance of the SOC only if perfected by the filing of a timely substantive appeal. See Smallwood v. Brown, 10 Vet. App. 93, 97 (1997); Archbold, 9 Vet. App. at 130. 

With regard to the Veteran's claim for service connection for a back condition, the Veteran testified at his November 2016 hearing that his back condition is related to his service-connected knee and ankle conditions. Specifically, he asserted that his knee problems caused him to trip and injure his back badly while he was carrying a 60-pound barrel at work. 

While the Veteran testified at his hearing that a private physician, Dr. Grady, has indicated that his back problems are related to his service-connected feet, ankle, and knee conditions, these records have not been associated with the claims file. As such, an attempt should be made to obtain them.

Further, the Board acknowledges that a July 2014 VA examiner diagnosed the Veteran with degenerative arthritis of the lumbar spine and determined that the Veteran's lumbar back condition and history of lumbar operations are less likely as not a consequence of knee or ankle conditions. The examiner instead found that his back injuries appear to be a result of occupational injuries that occurred after military service. As this opinion did not specifically discuss whether the Veteran's knee or ankle conditions could have aggravated his back disability, another medical opinion is required. Additionally, as this opinion did not address the possibility of a causal relationship between his service-connected foot conditions and his lumbar spine disability, an opinion should be obtained on that aspect as well. 

Finally, all outstanding VA treatment records should be associated with the claims file. 

Accordingly, the case is REMANDED for the following action:

1. Provide the Veteran with a SOC as to the issues of entitlement to increased evaluations for service-connected hallux valgus of the right foot and the left foot, osteoarthritis of the right knee, degenerative joint disease of the left ankle and the right ankle, and residual scars of the left foot, status post hallux valgus surgery. The Veteran must be informed that he must file a timely and adequate substantive appeal in order to perfect an appeal of these issues to the Board. If a timely substantive appeal is not filed with respect to these issues, the claims must not be certified to the Board.

2. Associate with the claims file all available medical records from the Columbia VA Medical Center (VAMC) and associated outpatient clinics from May 2017 through the present.

3. Send the Veteran a letter requesting that he provide sufficient information, and if necessary, authorization to enable the RO to obtain any additional pertinent evidence not currently of record, to specifically include any outstanding private medical records from Dr. Grady discussed at the November 2016 hearing. Associate any records received, including negative responses, with the claims file.

4. Only AFTER obtaining the above records, to the extent possible, then return the claims file to the VA examiner who provided the July 2014 VA opinion so that an addendum opinion may be obtained. If the same examiner is not available, an opinion should be provided by a similarly qualified VA examiner. 

The examiner should consider the Veteran's assertions that his knee, foot, and ankle problems caused him to trip and injure his back badly while he was carrying a 60-pound barrel at work and then provide opinions on the following:

a. Whether it is at least as likely as not that the Veterans' current lumbar spine disability was caused by his service-connected ankle, foot and/or conditions. 

b. Whether it is at least as likely as not that the Veteran's current lumbar spine disability was aggravated by any of his service-connected ankle, foot, and/or knee disabilities. 

The examiner is advised that the term "as likely as not" does not mean "within the realm of medical possibility." Rather, it means that the weight of medical evidence both for and against a conclusion is so evenly divided that it is as medically sound to find in favor of that conclusion as it is to find against it. The examiner must provide the underlying reasons for any opinions provided.

If further examination is required to respond to these questions, such should be scheduled.

5. Then, readjudicate the claim for service connection for a back condition. If the benefit sought on appeal remains denied, the Veteran and his representative should be provided a supplemental statement of the case (SSOC). After the Veteran and his representative have been given the applicable time to submit additional argument, the claims should be returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the Court for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (2012).



______________________________________________
MICHELLE L. KANE
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs