# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 20-2547

John M. Harris, Jr., Petitioner,

v.

Denis McDonough,
Secretary of Veterans Affairs, Respondent.

Before BARTLEY, *Chief Judge*, and PIETSCH and FALVEY, *Judges.*

## O R D E R

On April 13, 2020, petitioner John M. Harris, Jr., filed through counsel a petition for extraordinary relief in the nature of a writ of mandamus. In his petition, Mr. Harris requests that this Court compel VA to adjudicate his request to reopen, based on new and material evidence, its previous determination that his character of discharge (COD) was a bar to VA benefits. On April 22, 2020, the Court ordered the Secretary to respond to the petition and issued a follow-up order to that effect on June 3, 2020.

## I. BACKGROUND

Mr. Harris served on active duty with the U.S. Marine Corps from October 1989 to April 1993. Petition (Pet.) at 36.[1] He was discharged under other than honorable conditions (OTH) by reason of a pattern of misconduct. *Id.*

In April 2010, a VA regional office (RO) issued an administrative decision finding that Mr. Harris's COD is considered to be dishonorable for the purpose of VA benefits based on willful and persistent misconduct, as demonstrated by several periods of absence without leave (AWOL). *Id.* at 46-47. At that time, the RO asserted that "[t]here is no evidence or allegation that Mr. Harris was insane at the time of his offenses." *Id.* at 46.

In June 2015, Mr. Harris filed a claim seeking service connection for post-traumatic stress disorder (PTSD). *Id.* at 37-42. The following month, the RO notified Mr. Harris that it was unable to process his claim for benefits because the April 2010 determination that his COD was a bar to VA benefits was final. *Id.* at 34-35.

In July 2015, Mr. Harris submitted additional evidence related to his assertion that he developed PTSD as a result of an incident in service. *Id.* at 29-33. He stated that the stressful incident was seeing an Iraqi soldier burning to death in a destroyed tank. *Id.* at 31. He included a

---

[1] The materials appended to Mr. Harris's petition are not paginated. Therefore, the Court will assume pagination continues in the order the pages appear in the petition as docketed.

medical opinion from a private psychologist, who opined that Mr. Harris has PTSD related to service. *Id*. at 29-30.

In January 2018, Mr. Harris submitted a claim for service connection for, among other things, a mental health condition. *Id*. at 28. In accompanying statements, he asserted that his service stressors were seeing Iraqi soldiers on fire and smelling dead bodies. *Id*. at 23-24. He also stated that he started having trouble with stress, distrusting others, and feeling that "everyone was against [him]" after he deployed to Kuwait. *Id*. at 26. He also reported "feeling a lot of anger toward [his] command" and explained that he "started missing time because [he] was worried about what [he] might do." *Id*. at 27.

In February 2018, the RO notified Mr. Harris that it was "unable to process [his] claim for VA benefits" because the April 2010 determination that his COD was a bar to VA benefits was final. *Id*. at 21-22. In October 2018, Mr. Harris submitted a Notice of Disagreement (NOD) stating that he disagreed with the "COD determination" and explained that he "should be eligible for benefits." *Id*. at 20.

In October 2018, the RO notified Mr. Harris that it had received his NOD and would issue a Statement of the Case in due course. *Id*. at 16-18. However, in January 2020, RO notified Mr. Harris that it would not accept his October 2018 NOD because the one-year time limit to appeal the April 2010 COD determination had passed and that determination was final. *Id*. at 13. The RO explained that, if Mr. Harris disagreed with their decision not to accept his NOD, he had the option to file a supplemental claim, request higher-level review, or appeal to the Board. *Id*.

In February 2020, counsel for Mr. Harris contacted VA and explained that Mr. Harris had attempted to reopen the April 2010 COD determination, but that VA had refused to process that claim and had cancelled a pending appeal on that matter. *Id*. at 12. Counsel noted that "VA has a non-discretionary duty to process claim[s]" and that "even if [] VA believes that new and material evidence has not been submitted, Mr. Harris has the right to challenge this determination." *Id*.

## II. ARGUMENTS

In his April 2020 petition to the Court, Mr. Harris asserts that he has a clear and indisputable right to have his eligibility for VA benefits reopened and readjudicated based on his submission of new and material evidence as to his mental state—that is, whether he was insane—at the time of the in-service offenses. *Id*. at 6-7. He contends that "[t]he Secretary's duty to process claims and apply the law is nondiscretionary," *id*. at 6, and that VA is obligated to "issue and process an appealable denial" even if it believes that Mr. Harris has not submitted new and material evidence sufficient to reopen his COD determination, *id*. at 7. He argues that he has inadequate alternative means to obtain relief because there are "no established procedures" to compel VA to adjudicate his request to reopen his COD determination based on new and material evidence. *Id*. at 7.

On May 14, 2020, pursuant to the Court's April 22, 2020, order that he file a response to the petition, the Secretary filed his first response, asserting that the petition should be denied. In the first response, the Secretary takes the position that Mr. Harris's October 2018 NOD was not

timely with respect to the April 2010 COD determination and, therefore, absent an allegation of clear and unmistakable error (CUE) in the April 2010 determination, Mr. Harris "has not demonstrated a clear and indisputable right to a writ." First Response (FR) at 6. As for Mr. Harris's assertion that he had submitted new and material evidence sufficient to reopen his claim, the Secretary argues that the additional evidence did not constitute new and material evidence with respect to the April 2010 COD determination. *Id*. at 6-7. The Secretary contends that Mr. Harris has other means to attain the relief he desires, such as asking the service department to upgrade his discharge or filing an NOD with what the Secretary characterizes as a January 2020 RO decision declining to accept his October 2018 NOD. *Id*. at 8. Therefore, the Secretary asserts, Mr. Harris has not demonstrated the right to, or that circumstances warrant the issuance of, a writ. *Id*. at 9.

On August 5, 2020, pursuant to the Court's June 2, 2020, order that he clarify his first response to the petition, the Secretary filed his second response, again asserting that the petition should be denied. The Secretary argues that any new evidence Mr. Harris had submitted regarding his claimed psychiatric disability was not material with respect to the April 2010 COD determination because it related to his PTSD claim and did not "suggest that his [COD] was honorable or that he was insane at the time he committed the multiple instances of [AWOL]." Second Response (SR) at 4; *see also id.* at 10. The Secretary further argues that, because the February 2018 notification letter was not a decision regarding Mr. Harris's COD, VA cannot accept the October 2018 NOD because it is neither timely as to the April 2010 decision nor to any other COD determination. *Id*. at 7-8. Ultimately, the Secretary contends that a writ is unwarranted in this matter because Mr. Harris has alternative remedies available, such as appealing the January 2020 determination that the October 2018 NOD was untimely as to the April 2010 decision, *id*. at 8, 11, submitting new and material evidence as to his COD, *id*. at 11, or filing a motion for revision of the April 2010 decision on the basis of CUE, *id*.

### III. ANALYSIS

Distilled to their essence, Mr. Harris's arguments are that (1) his January 2018 claim for benefits, when read in conjunction with other evidence submitted since April 2010, included a request to reopen the April 2010 COD determination and that (2) VA is refusing to adjudicate that matter. For the reasons set forth below, the Court finds Mr. Harris's arguments persuasive and holds that he is entitled to a writ compelling the Secretary to issue an appealable decision as to whether the evidence submitted since the April 2010 COD determination is new and material with respect to whether his COD is a bar to VA benefits.

This Court has authority to issue extraordinary writs in aid of its prospective jurisdiction pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See Cox v. West*, 149 F.3d 1360 (Fed. Cir. 1998); *Ramsey v. Nicholson*, 20 Vet.App. 16 (2006). Here, and as discussed in more detail below, Mr. Harris asserts that VA unlawfully refuses to issue a decision affecting the provision of VA benefits. Pet. at 6; *see* 38 U.S.C § 511(a) ("The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary . . . ."). Because this Court has the statutory jurisdiction to "compel action of the Secretary unlawfully withheld," 38 U.S.C. § 7261(a)(2), the Court concludes that it may consider Mr. Harris's petition.

3

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Ct*., 426 U.S. 394, 402 (1976). Three conditions must be met before the Court can issue a writ: (1) The petitioner must demonstrate the lack of adequate alternative means to obtain the desired relief, thus ensuring that the writ is not used as a substitute for the appeals process; (2) the petitioner must demonstrate a clear and indisputable right to the writ; and (3) the Court must be convinced, given the circumstances, that issuance of the writ is warranted. *See Cheney v. U.S. Dist. Court for D.C*., 542 U.S. 367, 380-81 (2004); *Kelley v. Shinseki*, 26 Vet.App. 183, 186-92 (2013).

As to the first *Cheney* condition, the Secretary asserts that a writ is not warranted because there are adequate alternative means by which Mr. Harris may obtain the desired relief. *See* SR at 12 (asserting that there are a "bevvy of administrative options available"). The Court disagrees.

First, the Secretary asserts that Mr. Harris may ask the service department to upgrade his discharge. FR at 7-9; SR at 9. The Court agrees that Mr. Harris *may* do so, and that VA would be bound by any discharge upgrade granted by the service department. *See* 38 C.F.R. § 3.12(a) (2020) ("A discharge under honorable conditions is binding on [VA] as to character of discharge."); *see also Duro v. Derwinski*, 2 Vet.App. 530, 532 (1992) (holding that, pursuant to 38 C.F.R. § 3.203, a service department finding as to qualifying service for VA benefits is binding on VA). But VA adjudicators, not the service departments, must "make a formal character of discharge determination when presented with a claim for benefits predicated on a service member's other than honorable service." *Robertson v. Shinseki*, 26 Vet.App. 169, 175 (2013), *aff'd sub nom. Robertson v. Gibson*, 759 F.3d 1351 (Fed. Cir. 2014). Therefore, the Court disagrees with the Secretary's assertion that the ability to seek administrative relief from a *service department* prevents Mr. Harris from obtaining a writ compelling action by *VA*. SR at 11 (quoting *Cheney*, 542 U.S. at 379 ("[M]andamus may not issue so long as alternative avenues of relief remain available.").

In *Cheney*, and shortly after the language cited by the Secretary, the Supreme Court clarified that any other available means of attaining relief must be "adequate," 542 U.S. at 380, and that the purpose of limiting the issuance of writs is "to ensure that the writ will not be used as a substitute for the regular appeals process," *id*. at 380-81. But the Secretary has not explained why the potential to seek relief from a service department—an entity over which neither the Secretary nor this Court has jurisdiction, *see* 38 U.S.C. § 7261 (the Court's jurisdiction is limited to the review of Board decisions); 38 C.F.R. § 3.12(a) (character of discharge determinations are binding on VA),—is an *adequate* alternative means of obtaining relief from VA's alleged failure to carry out its statutory obligation to issue a decision affecting the provision of VA benefits or is in any way related to the regular appeals process for such decisions, *see Locklear v. Nicholson*, 20 Vet.App. 410, 416 (2006) (holding that the Court will not entertain underdeveloped arguments); *see also* 38 U.S.C. § 511(a). Indeed, what Mr. Harris seeks through this writ is a VA decision that will allow him to avail himself of the regular appeals process, not a substitute for that process. Thus, the Court cannot conclude that the possibility of seeking a discharge upgrade from the service department is an adequate alternative means for Mr. Harris to obtain relief that would bar issuance of a writ in this matter.

Second, the Secretary asserts that Mr. Harris may submit "new and material evidence as to his [COD] . . . or make the argument that he was insane at the time he committed the acts that led to his OTH discharge." SR. at 11-12.[2]  But the Secretary's argument that this option is an adequate alternative appears to rest, at least in part, on two interrelated assumptions: (1) that the new evidence submitted after the April 2010 decision is not material and, therefore, Mr. Harris has not yet met his burden to reopen the COD determination; and (2) that there is no post-April 2010 COD decision for Mr. Harris to appeal because the February 2018 letter was a mere notification.  *See* FR at 6-7; SR at 3-4, 8.

As to the first assumption, the Secretary argues that the new evidence submitted after April 2010 is not material because it pertains to Mr. Harris's claim for PTSD benefits and not to his COD.  FR at 7; SR at 3-4.  However, the Secretary appears to be adjudicating whether new and material evidence has been submitted for the first time in his response to the Court's order. The Secretary has not explained why a claimant's alleged failure to present a winning argument allows VA to evade its statutory obligation to issue a decision affecting the provision of VA benefits.  *See* 38 U.S.C. § 511(a); *see also Locklear*, 20 Vet.App. at 416.  In other words, the Secretary has not identified—nor has the Court located—any authority permitting VA to decline to adjudicate a request to reopen a claim based on new and material evidence on the basis that the evidence in question is not new and material.

As for the second assumption, that hits at the crux of the parties' dispute.  The Secretary asserts that Mr. Harris may not appeal the February 2018 letter informing him that his COD remained a bar to VA benefits because it is a mere notification and not a decision subject to appeal. *See* SR at 8.  But a decision subject to appeal is, in essence, the relief Mr. Harris seeks, and to which he is statutorily entitled.  *See* Pet. at 7; 38 U.S.C. § 511(a).  And because Mr. Harris's entitlement to a decision is guaranteed by statute, the Court declines to accept the Secretary's assertion that filing a *second* request to reopen the COD determination based on new and material evidence is an adequate alternative means to obtaining a decision as to the *first* request to reopen.

Third, the Secretary asserts that Mr. Harris may appeal the January 2020 RO decision that his October 2018 NOD was not timely with respect to the April 2010 COD determination or raise an assertion of CUE in the April 2010 decision.  *See* FR at 8; SR at 8, 11.  But Mr. Harris does not dispute VA's determination that the April 2010 COD decision is final or assert that it contains CUE.  *See* Pet. at 6-9.[3]  He wants VA to issue an appealable decision regarding his claim for benefits and the character of his discharge.  And it is clear from the pleadings that the Secretary has not issued, and does not intend to issue, such a decision.  Because, in the Secretary's view, the

---

[2] This proposed alternate path to relief—resubmitting the claim that Mr. Harris asserts that he has already submitted—appears, on its face, to introduce additional delay that Mr. Harris could argue is unreasonable.  *See Martin v. O'Rourke*, 891 F.3d 1338, 1344-45 (Fed. Cir. 2018) (quoting *Telecomms. Research & Action Ctr. (TRAC) v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984)).  However, as Mr. Harris asserts that the *TRAC* factors are irrelevant because action has been denied, not delayed, *see* Pet. at 6 n.7, and as the parties have not had opportunity to present argument as to whether any proposed delay is unreasonable, the Court will not address this issue now.

[3] Indeed, compelling Mr. Harris to argue facts with which he disagrees is contrary to the spirit of candor toward the tribunal.  *See Barela v. Peake*, 22 Vet.App. 155, 159 (2008) (noting that an attorney appearing before this Court is expected to comply with the Model Rules of Professional Conduct); *see also* ABA MODEL RULES OF PROF'L CONDUCT R. 3.3 (Candor Towards the Tribunal).

only matter that could be appealed from the 2020 RO decision is the discrete determination of whether the 2010 decision is final, an appeal of the 2020 decision would not provide Mr. Harris with the means to obtain a decision addressing his reopening request or service-connection claim. Given the Secretary's representations on appeal and the unique circumstances of this case, the Court cannot conclude that appealing the January 2020 determination that the October 2018 NOD is not timely as to the April 2010 COD or pursuing an allegation of CUE are adequate alternative means for Mr. Harris to obtain the desired relief.

Finally, the Court has considered whether any other adequate alternative means of relief are available to Mr. Harris, including whether he could file a new NOD with the January 2020 RO decision not to accept his October 2018 NOD on the basis that the February 2018 notification letter should be considered an appealable decision. And if the ultimate question at issue was whether the Court should compel VA to consider valid and process an NOD, issuing a writ might be a substitute for the appeals process. Here, however, the February 2018 notification letter, on its face, specifies that no adjudication was rendered, *see* Pet. at 21 (stating that VA is "unable to process" the claim), which is the precise relief sought, *id*. at 1. And as already noted, VA has a statutory obligation to adjudicate VA benefits claims. *See* 38 U.S.C. § 511(a). While the distinction is subtle in this case, it is nonetheless sufficiently significant that the Court is persuaded that this alternative method of relief is not adequate.

To be clear, in granting this writ, the Court is not directing VA to find that new and material evidence has been submitted, that a request to reopen the April 2010 determination was within the scope of Mr. Harris's January 2018 claim, or that his October 2018 NOD is an adequate expression of disagreement with the RO's failure to consider whether he had submitted new and material evidence as to his COD. But any consideration of those questions, at this time, by this Court, is premature, as Mr. Harris is entitled to VA issuance of a decision regarding the provision of VA benefits that is "subject to one review on appeal" to the Board. 38 U.S.C. § 7104; *see* 38 U.S.C. § 511(a); *Hickson v. Shinseki*, 23 Vet.App. 394, 399 (2010) (holding that section 7104(2) applies to claims to reopen); *see also Woznick v. Nicholson*, 19 Vet.App. 198, 201-02 (2005) (holding that speculation that a claimant may not successfully obtain relief is not an adequate basis for refusing to comply with the adjudicatory process).

Ultimately, Mr. Harris's assertion that he lacks adequate alternative means of obtaining the requested relief is persuasive. He asserts that his January 2018 claim, which relates to the provision of VA benefits, includes a request to reopen the April 2010 COD determination. Despite Mr. Harris's statutory entitlement to issuance of an appealable VA decision on his claim, *see* 38 U.S.C. § 511(a), the Secretary argues that Mr. Harris has alternative means of seeking relief. But because those alternative means are not adequate under the facts of this case, the Court holds that Mr. Harris has satisfied the first *Cheney* condition.

As to the second *Cheney* condition, the Court has explained that petitioners have a statutory right to decisions affecting the provision of benefits. *See* 38 U.S.C. § 511(a); *Chisholm v. McDonald*, 28 Vet.App. 240, 243 (2016). Furthermore, petitioners have a "clear and indisputable right to such a decision." *Rosinski v. Wilkie*, 31 Vet.App. 1, 11 (2019). Consequently, the Court concludes that the second *Cheney* condition—that petitioners show a clear and indisputable right to issuance of a writ—is met. *See Cheney*, 542 U.S. at 381.

6

As to the final *Cheney* element, the Court is satisfied that the circumstances of this case warrant issuance of a writ. *See id*. In asserting that no writ is warranted here, the Secretary argues that Mr. Harris seeks to circumvent the appeals process, FR at 9, and also that there is no decision to appeal (and, thus, no appeals process to be had), SR at 7. But the Court has explained that Mr. Harris has a statutory entitlement to issuance of a VA decision that, if adverse to him, he may appeal to the Board and the Court, and held that he lacks adequate alternative means of relief. And because Mr. Harris is entitled to issuance of a decision over which the Court may ultimately have jurisdiction, VA's refusal to issue that decision frustrates judicial review. *See Chisholm*, 28 Vet.App. at 243. Thus, the Court holds that a writ is necessary to protect its potential jurisdiction in this matter. *See Freeman v. Shinseki*, 24 Vet.App. 404, 417 (2011).

## IV. CONCLUSION

For the above reasons, the Court concludes that Mr. Harris has satisfied the conditions that must be met prior to the issuance of a writ. In the event of an adverse determination, Mr. Harris is entitled to one review on appeal by VA and, ultimately, an appeal to this Court.

Accordingly, on consideration of the foregoing, it is

ORDERED that the petition for mandamus is GRANTED. It is further

ORDERED that the Secretary will direct the RO to issue a decision adjudicating Mr. Harris's January 2018 claim, including a response to his assertion that the claim includes a request to reopen the April 2010 COD decision, and, if appropriate, adjudicating whether reopening of the April 2010 decision is warranted.

DATED: February 16, 2021                                              PER CURIAM.